**MICHIGAN AFFILIATED HEALTH-CARE SYSTEM, INC., f/k/a Lansing General Hospital, a Michigan non–profit corporation, d/b/a Michigan Capital Medical Center (96–1679), Plaintiff–Appellant/Cross–Appellee,**

**v.**

**CC SYSTEMS CORPORATION OF MICHIGAN (96–2131), Peoples Security Life Insurance Company, and Stop Loss International Corporation (96–2132), Defendants–Appellees/Cross–Appellants.**

**Nos. 96–1679, 96–2131 and 96–2132.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 4, 1997.

Decided March 18, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied May 26, 1998.

---

Kevin J. Moody (briefed), Sherry L. Katz–Crank (argued and briefed), Miller, Canfield, Paddock & Stone, Lansing, MI, for Michigan Affiliated Healthcare Systems, Inc.

Joel E. Krissoff (argued and briefed), Farr & Oosterhouse, Grand Rapids, MI, for CC Systems Corporation of Michigan.

Henry L. Guikema (argued and briefed), Grand Rapids, MI, for Peoples Security Life Ins. Co. and Stop Loss International Corp.

Before: SILER and MOORE, Circuit Judges and HOLSCHUH,* District Judge.

## OPINION

SILER, Circuit Judge.

Plaintiff, Michigan Affiliated Healthcare System, Inc., f/k/a Lansing General Hospital, d/b/a Michigan Capital Medical Center ("Lansing General"), appeals the district court's grant of summary judgment to defendants, Peoples Security Life Insurance Co. and Stop Loss International Corporation (collectively, "SLI") and CC Systems Corporation of Michigan ("CCS"). Specifically, Lansing General argues that the district court erred by: (1) denying Lansing General's motion to remand; (2) vacating Lansing General's voluntary dismissal of SLI; (3) denying Lansing General's motion to strike; (4) denying Lansing General's motion for summary judgment; and (5) granting summary judgment to CCS and SLI. CCS and SLI cross-appeal the district court's denial of their motions for attorney's fees. For the reasons stated hereinafter, we **reverse**.

## I. BACKGROUND

In 1987, Lansing General sponsored a partially self-funded major medical plan ("Plan") for its employees. It contracted with CCS for services as Third Party Administrator for the Plan. Pursuant to this agreement, CCS was responsible for reviewing claims for benefits, determining eligibility for benefits, and computing benefits payable. CCS referred contested or questionable claims to Lansing General, which had sole and final discretion to grant or deny payment of the claim. CCS also had responsibilities in the areas of accounting, plan benefit development, employee communications, preparation of documents, and insurance. Under the Plan, Lansing General was responsible for payment of the first $60,000.00 of covered medical benefits per person. SLI provided stop-loss insurance coverage for the Plan, paying for those medical expenses that exceeded $60,000.00 and were covered under the Plan.

In 1992, Carol Hoskins, a Lansing General employee covered under the Plan, was diagnosed with breast cancer. Her doctor recommended treatment called an autologous bone marrow transplant with high-dose chemotherapy ("ABMT/HDC"). Hoskins submitted a claim for coverage to CCS, which rejected her claim based on its determination that the ABMT/HDC procedure fell within the Plan's exclusion for experimental or investigational treatment. CCS referred her claim to Lansing General, which concluded that the Plan provided coverage for the procedure, so it paid the claim. Lansing General subsequently submitted a claim for payment to SLI, which denied coverage based on the stop-loss policy. That policy excluded "expenses in connection with surgery or treatment classified by the Health Care Financing Administration of the United States Department of Health and Human Services as 'experimental,' 'investigational' or as not 'reasonable' or 'necessary.'"

Lansing General thereafter filed this suit in state court against CCS and SLI for reimbursement of medical and related expenses that it incurred for Hoskins's ABMT/HDC procedure. SLI timely removed this case pursuant to 28 U.S.C. § 1441(b), based on its allegation that Lansing General's claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. The court denied a motion to remand by the hospital. Lansing General later filed an amended complaint, alleging that the procedure was covered by the Plan or by SLI's policy and that CCS and SLI breached their fiduciary duties to obtain or provide appropriate insurance coverage.

## II. REMOVAL

The notice of removal, filed by SLI only, was defective under 28 U.S.C. § 1446(b)

---

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

because all defendants, specifically CCS, did not join in the notice. Moreover, SLI lacked the ability to establish federal question jurisdiction based upon its own status, because Lansing General asserted only state law claims against it. In the notice of removal, it asserted the status of CCS as a fiduciary, which had not by then been alleged by Lansing General nor admitted by CCS. Although CCS later joined SLI in opposing the motion to remand, it still did not claim to be a fiduciary, and it was later found not to be a fiduciary by the court.

Perhaps the defect in the removal petition is procedural and could have been waived by Lansing General's failure to object specifically on that ground, *i.e.,* that CCS did not join in the notice of removal. *See, e.g., Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995); *Lanier v. American Bd. of Endodontics,* 843 F.2d 901, 905 (6th Cir. 1988). Unlike the plaintiffs in those cases, however, Lansing General here moved to remand, although on other grounds, before taking any other action in federal court.

■ There was another defect in the notice of removal when SLI alleged only 29 U.S.C. § 1144 as the basis for removal. However, the district court asserted jurisdiction based upon preemption under 29 U.S.C. § 1132, when it recognized that removal could not be effected under § 1144. *See Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 945 (6th Cir.1994).

We need not reach the issue of whether the defective removal was waived, because we are reversing the district court on the grounds that it did not have jurisdiction to proceed.

### III. JURISDICTION

■ The principal issue here is whether the district court had jurisdiction when the case was removed. If it did not, then it should have granted the motion to remand. If it had jurisdiction, then we should decide the merits of the remaining issues. We review de novo the denial of the motion to remand. *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 338 (6th Cir.1989).

In Lansing General's original complaint, it alleged that CCS breached its agreement with the hospital to amend the Plan and to procure appropriate insurance coverage. It further claimed that SLI misrepresented the terms of the reinsurance contract, that it violated the Michigan Consumer Practice Act, and that it breached its contract with Lansing General. When the district court denied the motion to remand, it found that CCS was a fiduciary with respect to the Plan and, accordingly, that Lansing General's claims fell within the scope of 29 U.S.C. § 1132(a)(2). That statute provides the ERISA civil enforcement provision that authorizes suits for breach of responsibilities, obligations, or duties imposed upon ERISA fiduciaries. Alternatively, the court held that the complaint could be construed as a suit by a fiduciary for equitable relief for violations of ERISA or terms of the Plan, within the scope of 29 U.S.C. § 1132(a)(3).

■ Under ERISA, a person is a fiduciary with respect to a plan to the extent that "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). The term "fiduciary" not only includes persons specifically named as fiduciaries by a benefit plan, "but also anyone else who exercises discretionary control or authority over the plan's management, administration, or assets." *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 251, 113 S.Ct. 2063, 2066, 124 L.Ed.2d 161 (1993).

■ The Plan identifies Lansing General as the Plan Sponsor and Plan Administrator and CCS as the Claims Supervisor. It further states that CCS is neither the Administrator nor a named fiduciary of the Plan as these terms are defined in ERISA. CCS is clearly not a named fiduciary with respect to the Plan. It did not have discretion or decision-making authority.

In denying the motion to remand, the court erroneously found that CCS was a fiduciary under ERISA because it exercised discretionary authority under the Plan. After

the court made that finding in denying the motion to remand, Lansing General amended its complaint to allege that CCS was a fiduciary. Thereafter, CCS denied that it was a fiduciary. Ultimately, the court agreed with CCS that it was not a fiduciary in its final ruling on summary judgment.

■ The district court was correct when it found that removal could not be effected under 29 U.S.C. § 1144. *See Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir.1995) (en banc). However, the district court should not have proceeded under § 1132. First, it was not then pleaded as a basis for original or removal jurisdiction. CCS argues that the notice of removal contains a reference to § 1132 because it cited ERISA in whole when it stated that the claims arose under 29 U.S.C. § 1001–1461. We need not now decide whether that was an adequate pleading to put the court on notice of SLI's theory of removal or whether the failure to cite the proper statute with specificity is not a fatal defect in the notice of removal. *See Wormley v. Southern Pacific Transp. Co.*, 863 F.Supp. 382, 385 (E.D.Tex.1994).

■ Second, and more important, " § 1132 preempts state claims by 'participants or beneficiaries' to enforce certain rights guaranteed by ERISA. Claims by anyone other than a 'participant or beneficiary,' however, fall outside the scope of ERISA's civil enforcement section." *Alexander*, 13 F.3d at 946. *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987) ("legislative history consistently sets out this clear intention to make § [1132(a)(1)(B) ] suits brought by participants or beneficiaries federal questions for the purposes of federal court jurisdiction."). Lansing General was not a participant or a beneficiary, so the district court did not have jurisdiction under § 1132(a)(1)(B), as it recognized. CCS argues, alternatively, that the court had jurisdiction under § 1132(a)(1)(B) because Lansing General was acting on behalf of the Plan beneficiary, namely, Hoskins. *See Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir.1991). However, in that case, the provider received a "valid assignment of benefits." *Id.* That is not the situation here, as Lansing General is proceeding on a breach of contract cause of action, not on behalf of the beneficiary.

■ Even if there was no jurisdiction under § 1132(a)(1)(B), the defendants have argued that removal would be proper under § 1132(a)(2) or (3). The district court did find an alternative basis for jurisdiction under § 1132(a)(3), but it is a provision providing for injunctive relief. Lansing General asked for injunctive relief in respect to some of its claims, but the primary claims were for damages. In addition, the provisions of either subsection (2) or (3) implicate duties of fiduciaries in actions brought by a participant, beneficiary or fiduciary. Because CCS was not a fiduciary, no jurisdiction arose. Even after the district court erroneously found CCS was a fiduciary, when it later determined that CCS was not a fiduciary, it should have remanded the case then. *See Alexander*, 13 F.3d at 947; *Cromwell*, 944 F.2d at 1279 (after the plaintiff moves to remand, the district court should make an independent inquiry into the factual basis supporting jurisdiction) (Suhrheinrich, J., concurring). Finally, although Lansing General amended its complaint following the denial of the motion to remand, its allegation that jurisdiction was founded upon § 1132 and that SLI and CCS were fiduciaries did not restore jurisdiction for the court, because SLI and CCS were never fiduciaries.

Because the district court had no jurisdiction and because this matter will be remanded to the state court, it is unnecessary for us to discuss the remaining issues.

**REVERSED.**