**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SONOCO PRODUCTS COMPANY,
    *Plaintiff-Appellant,*

v.                      No. 02-2137

PHYSICIANS HEALTH PLAN,
INCORPORATED,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CA-01-521-4-25)

Argued: May 7, 2003

Decided: July 31, 2003

Before KING and SHEDD, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Reversed and remanded by published opinion. Judge King wrote the
opinion, in which Judge Shedd and Judge Bullock joined.

_____

**COUNSEL**

**ARGUED:** Manton McCutchen Grier, HAYNSWORTH SINKLER
BOYD, P.A., Columbia, South Carolina, for Appellant. Jeffrey Stuart
Patterson, NELSON, MULLINS, RILEY & SCARBOROUGH,
L.L.P., Columbia, South Carolina, for Appellee. **ON BRIEF:** H. Sim-

mons Tate, Jr., HAYNSWORTH SINKLER BOYD, P.A., Columbia, South Carolina; James C. Cox, Jr., SALEEBY & COX, P.A., Hartsville, South Carolina, for Appellant. C. Mitchell Brown, Elizabeth H. Campbell, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellee.

---

## OPINION

KING, Circuit Judge:

In January of 2001, Sonoco Products Company ("Sonoco") initiated this lawsuit against Physicians Health Plan, Incorporated ("PHP")[1] in South Carolina state court. After PHP removed the case to federal court, asserting that Sonoco's claims were completely preempted by ERISA,[2] Sonoco sought a remand to state court. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, CA-01-521-4-25, Order (D.S.C. May 28, 2002) (the "Order"). Though the district court denied the motion to remand, *id.*, it certified the remand issue for interlocutory appeal under 28 U.S.C. § 1292(b), *Sonoco Prods. Co. v. Physicians Health Plan Inc.*, CA-01-521-4-25, Order (D.S.C. Sept. 12, 2002) (the "Revised Order"), and we granted Sonoco permission to pursue the interlocutory appeal, *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 02-250, Order (4th Cir. Oct. 3, 2002). Because Sonoco's claims are not completely preempted, we reverse the denial of Sonoco's motion to remand, and we remand to the district court for such further proceedings as may be appropriate.

### I.

### A.

Sonoco, a manufacturing business headquartered in Hartsville, South Carolina, sponsors an ERISA-governed health care plan (the

---

[1] PHP is apparently now known as Carolina Care Plan, Incorporated.

[2] "ERISA" refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

2

"Plan") for its employees.[3] On September 13, 1999, Sonoco and PHP, a South Carolina for-profit health maintenance organization, entered into a two-year contract (the "Contract"), effective through December 31, 2001. Under the Contract, PHP was obligated, *inter alia*, (1) to provide insurance benefits for Sonoco's South Carolina employees, retirees, and their families (the "Plan Beneficiaries"), and (2) to limit any premium increases for 2001 to no more than nine percent.

On January 1, 2000, pursuant to the Contract, PHP began to provide insurance coverage to the Plan Beneficiaries. By letter of August 23, 2000, however, PHP advised Sonoco that, as of the end of December 2000, it was cancelling the Contract. PHP offered new contract terms to Sonoco for 2001, under which insurance premiums could increase by as much as eighty-five percent. Sonoco declined PHP's offer and now alleges that it was compelled to secure alternative insurance coverage for 2001 at substantially higher rates than those agreed upon in the Contract.

B.

On January 19, 2001, Sonoco filed its complaint against PHP in the Court of Common Pleas for Darlington County, South Carolina (the "Complaint"). The Complaint asserts two state-law causes of action: (1) breach of contract, and (2) breach of contract accompanied by a fraudulent act (collectively, the "breach of contract claims").[4] Sonoco sought to recover damages for the difference between the premiums agreed upon in the Contract and the sum Sonoco paid for the compa-

_____

[3] ERISA governs any "employee welfare benefit plan" established or maintained by an employer or employee organization that is "engaged in commerce or in [an] industry or activity affecting commerce." 29 U.S.C. § 1003(a). An "employee welfare benefit plan" refers to "any plan, fund, or program" established or maintained by an employer or employee organization to provide, *inter alia*, medical, surgical, or hospital benefits to employees.

[4] Sonoco alleged in the Complaint that PHP falsely accused it of "withholding or concealing information from PHP as a pretext for PHP's breach of [the Contract]." This accusation serves as the factual predicate for Sonoco's claim of breach of contract accompanied by a fraudulent act.

rable insurance coverage purchased when PHP repudiated its contractual obligations. On February 23, 2001, PHP removed the proceeding to federal court in South Carolina, and it then filed a motion to dismiss. On March 19, 2001, Sonoco moved for a remand to the state court.

The district court referred both the motion to remand and the motion to dismiss to a magistrate judge, who recommended that the court deny remand and grant dismissal on the ground that Sonoco's claims were "preempted" by ERISA. *See Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, CA-01-521-4-25, Report and Recommendation (D.S.C. Jan. 29, 2002) (recommending denying motion to remand); *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, CA-01-521-4-25, Report and Recommendation (D.S.C. Feb. 25, 2002) (recommending granting motion to dismiss). The district court accepted the recommendation of the magistrate judge on the remand issue, but it rejected the recommendation to dismiss. Order at 3. Accordingly, by its Order of May 28, 2002, the court denied both the motion to remand and the motion to dismiss. *Id.* While the court agreed with the magistrate judge that Sonoco's claims were preempted by ERISA, the court gave Sonoco thirty days to amend its Complaint to assert an ERISA claim. *Id.*

On June 7, 2002, Sonoco filed a motion to alter or amend the Order, requesting that the court certify the remand decision for immediate appeal under 28 U.S.C. § 1292(b).[5] On June 21, 2002, prior to the court's ruling on the § 1292(b) issue, Sonoco complied with the Order and filed an amended complaint asserting ERISA claims (the "Amended Complaint"). On September 12, 2002, the court certified the remand issue for a § 1292(b) interlocutory appeal, deeming it to be a "controlling question of law as to which there is substantial

_____

[5] Section 1292(b) of Title 28 authorizes interlocutory appeals from certain orders of the district courts in specific and limited circumstances. The statute provides that, when a district judge is "of the opinion that [an order not otherwise appealable] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," a Court of Appeals may, "in its discretion, permit an appeal to be taken from such order." 28 U.S.C. § 1292(b).

4

ground for difference of opinion and [in which an] immediate appeal from [the] [O]rder may materially advance the ultimate termination of the litigation." Revised Order at 2. On October 3, 2002, we granted Sonoco permission to appeal. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 02-250, Order (4th Cir. Oct. 3, 2002).

## II.

We review de novo questions of subject matter jurisdiction, "including those relating to the propriety of removal." *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999). The burden of demonstrating jurisdiction resides with "the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). We are obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises "significant federalism concerns." *Id.*

## III.

On appeal, Sonoco maintains that the district court erred in declining to remand this case to state court. Specifically, it asserts that the court applied an incorrect legal standard in its preemption analysis and that, using the proper standard, remand is appropriate. PHP responds that, even if the court erred in its preemption analysis, the breach of contract claims are nonetheless completely preempted, and the motion to remand was properly denied.

## A.

Before addressing whether the district court erred in denying the motion to remand, we briefly review the scope of removal jurisdiction generally, and with respect to ERISA specifically. Typically, an action initiated in a state court can be removed to federal court only "if it might have been brought in [federal court] originally." *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002) (internal quotation marks omitted) (alternation in original). The federal courts possess original jurisdiction over, among other things, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "a cause of action arises

5

under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

In analyzing whether the district court erred in denying the motion to remand, we must first distinguish between ordinary preemption (also known as "conflict preemption") and the jurisdictional doctrine of "complete preemption." Under ordinary or conflict preemption, "state laws that conflict with federal laws are preempted, and preemption is asserted as `a federal defense to the plaintiff's suit.'" *Darcangelo*, 292 F.3d at 186-87 (quoting *Taylor*, 481 U.S. at 63). Because conflict preemption constitutes a defense to a cause of action, the Supreme Court has recognized that it normally "`does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 63).

The jurisdictional doctrine of complete preemption, by contrast, does provide a basis for federal jurisdiction: where "Congress `so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character,'" the state law claims are converted into federal claims, which may be removed to federal court. *Id.* (quoting *Taylor*, 481 U.S. at 63-64) (alteration in original). As Judge Luttig recently observed in *King v. Marriott International, Inc.*, ___ F.3d ___, No. 02-2139, slip op. at 5 (4th Cir. July 28, 2003), when complete preemption exists, "the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute."

In the ERISA context, the doctrines of conflict preemption and complete preemption are important, and they are often confused. Section 514 of ERISA defines the scope of ERISA's preemption of conflicting state laws: state laws are superseded insofar as they "relate to" an ERISA plan. 29 U.S.C. § 1144(a). The fact that a state law claim is "preempted" by ERISA — i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefit plans — does not, however, provide a basis for removing the claim to federal court. The only state law claims properly removable to federal court are those that are "completely preempted" by ERISA's civil enforcement provision, § 502(a).[6] *Darcangelo*, 292 F.3d at 187 (emphasizing that the

---

[6] Section 502(a) provides, in relevant part, that:

A civil action may be brought . . . (3) by a participant, benefi-

6

civil enforcement provision "completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502"); *see also Taylor*, 481 U.S. at 65-66 (same).

In denying Sonoco's motion to remand, the district court concluded that the breach of contract claims in the Complaint "relate[ ] to ERISA," and that they were thus "preempted" pursuant to § 514. Order at 2. On the basis of this conclusion, the court justified its denial of the motion to remand and its assertion of federal jurisdiction over Sonoco's state law claims. Contrary to this reasoning, however, conflict preemption under § 514 does *not* provide a basis for federal jurisdiction. Rather, it provides a defense to a state law claim that may be asserted in state court. Instead of focusing on § 514 conflict pre-emption, the court should have assessed whether Sonoco's state law claims were, as PHP asserted, completely preempted by ERISA's § 502(a). In other words, the court should have inquired into whether the breach of contract claims "fit within the scope of ERISA's § 502(a) civil enforcement provision," and as such, whether they were properly "converted into federal claims." *Darcangelo*, 292 F.3d at 187.

B.

PHP contends that, although the district court may have erred in its preemption analysis, we should nevertheless affirm the denial of Sonoco's motion to remand because its breach of contract claims are completely preempted by § 502(a). The Seventh Circuit has identified three essential requirements for complete preemption: (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must "fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)"; and (3) the claim must not be capable of resolu-tion "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan. *See Jass v.*

---

ciary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

7

*Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (internal quotation marks omitted); *see also Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (applying similar standard in complete preemption analysis). As explained below, we conclude that Sonoco lacks standing to pursue its breach of contract claims under § 502(a).[7]

As noted above, the threshold requirement for complete preemption is that the plaintiff possess standing to assert its claim under § 502(a). *Butero*, 174 F.3d at 1212; *Jass*, 88 F.3d at 1487. Section 502(a) specifies the types of claims that may properly be pursued under ERISA, as well as the parties entitled to assert those claims. More specifically, § 502(a)(3) is the part of § 502(a) that, according to PHP, applies to Sonoco's breach of contract claims. Importantly, the only parties entitled to pursue an ERISA claim under § 502(a)(3) are "participants," "beneficiaries," and "fiduciaries." *See* 29 U.S.C. § 1132(a)(3). And it is uncontroverted that Sonoco is neither a participant nor a beneficiary under the Plan.[8] Thus, Sonoco has standing under § 502(a)(3) only if (1) it is a "fiduciary" under ERISA, and (2) it is asserting the breach of contract claims in its fiduciary capacity.[9]

---

[7] Having determined that Sonoco lacks standing to pursue its breach of contract claims under § 502(a), it is unnecessary for us to assess the other prongs of the complete preemption analysis.

[8] ERISA defines a "participant" as "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). Under these definitions, an employer can be neither a participant nor a beneficiary.

[9] PHP contends that Sonoco, by asserting § 502(a) claims in its Amended Complaint (as required by the Order), has waived any argument that its breach of contract claims do not "fit within the scope of ERISA's § 502(a) civil enforcement provision," and that it is not suing as a fiduciary. Prior to filing its Amended Complaint, however, Sonoco moved for a remand to state court. This assertion of lack of federal jurisdiction is "all that was required to preserve [its] objection to removal." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996). We decline to conclude that, in abiding by the Order and filing its Amended Complaint, Sonoco is precluded from asserting that removal was improper. *See King*, ___ F.3d ___, slip op. at 6-7 (holding that plaintiff did not waive objection to removal by amending complaint to assert cause of action under ERISA).

*See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996) ("[A] fiduciary's standing is not for any and all purposes; rather a fiduciary has standing to bring actions related to the fiduciary responsibilities it possesses." (internal quotation marks omitted)).

An employer that establishes or maintains an employee benefit plan, such as Sonoco, is a plan sponsor. 29 U.S.C. § 1002(16)(B). And a plan sponsor acts as a fiduciary only to the extent that it "exercises `any discretionary authority' over the management or administration of a plan."[10] *Coyne & Delany*, 98 F.3d at 1465. A plan sponsor does not, however, act as a fiduciary simply "by performing settlor-type functions such as establishing a plan and designing its benefits." *Id.* Importantly, "the same entity may function as an ERISA fiduciary in some contexts but not in others." *Darcangelo*, 292 F.3d at 192. Accordingly, a plan sponsor is entitled to wear different hats: it may perform some functions as a fiduciary to the plan, while it may perform other functions on its own behalf, i.e., in a non-fiduciary capacity. A plan sponsor, however, only possesses standing to pursue actions under § 502(a) that are "related to the fiduciary responsibilities it possesses." *Coyne & Delany*, 98 F.3d at 1465 (internal quotation marks omitted).

Although Sonoco acknowledges that it may owe some fiduciary responsibilities to the Plan Beneficiaries, it maintains that it is not pursuing the breach of contract claims in its fiduciary capacity, and thus that it lacks standing to pursue those claims under § 502(a)(3). As noted, a plan sponsor acts in a fiduciary capacity only to the extent that its claims relate to carrying out its fiduciary responsibilities. *See Coyne & Delany*, 98 F.3d at 1466 (concluding that plan sponsor has "standing to sue as a fiduciary `to the extent' that it challenges, as violative of ERISA . . ., any act or practice which pertains to" the fiduciary responsibilities it possesses). Where, however, a plan sponsor's claims in a lawsuit relate solely to its own injuries, and not to its fiduciary responsibilities to the plan or to the plan's participants and bene-

---

[10] Under ERISA, a person "is a fiduciary with respect to [an ERISA] plan to the extent . . . [that] he exercises any discretionary authority or discretionary control respecting management of [the] plan [or] has any discretionary authority or discretionary responsibility in the administration of [the] plan." 29 U.S.C. § 1002(21)(A).

9

ficiaries, it is not acting as an ERISA fiduciary under 29 U.S.C. § 1002(21)(A). Sonoco alleges in its Complaint that PHP breached its contractual obligation to provide health insurance coverage to the Plan Beneficiaries,[11] and it seeks to recover the expenses it incurred as a result of PHP's breach. Sonoco maintains that it suffered harm separate and apart from any injury to the Plan Beneficiaries, and it is for that harm that it is attempting to recover.

In an analogous situation, the Ninth Circuit has ruled that an employer's malpractice claim against an accountant that the employer had retained to "set up [an ERISA-governed] pension and profit plan" was not completely preempted. *Toumajian v. Frailey*, 135 F.3d 648, 656 (9th Cir. 1998). There, the court concluded that the employer's claim did not fit within § 502(a), in part because the employer was "not seeking relief on behalf of an ERISA plan," but instead was attempting to recover for harm that the employer suffered as a result of the accountant's misfeasance. *Id.* Similarly, the Sixth Circuit, in *Michigan Affiliated Healthcare Systems, Inc. v. CC Systems Corp. of Michigan*, 139 F.3d 546 (6th Cir. 1998), concluded that an employer's claims against a third-party administrator and a stop-loss insurer for its employee benefit plan were not completely preempted since the employer was "proceeding on a breach of contract cause of action, not on behalf of the beneficiary." *Id.* at 550; *see also Butero*, 174 F.3d at 1212 (concluding that employer lacked standing under § 502(a) to pursue a claim for breach of contract to provide insurance).

As we have pointed out, Sonoco, on one hand, owes certain fiduciary obligations to the Plan Beneficiaries, and there are circumstances where it may act in a fiduciary capacity and seek to enforce the rights of the Plan Beneficiaries. On the other hand, Sonoco has interests of its own, and it may also act to protect those interests.

---

[11] Importantly, "a contract of insurance sold *to* a plan is not itself `the plan.'" *Wallace v. Reliance Standard Life Ins. Co.*, 318 F.3d 723, 724 (7th Cir. 2003) (emphasis in original); *see also Pegram v. Herdrich*, 530 U.S. 211, 223 (2000) (concluding that "when employers contract with an HMO to provide benefits to employees subject to ERISA, the provisions of documents that set up the HMO are not, as such, an ERISA plan"). Accordingly, the Contract PHP allegedly breached is not the Plan itself, but a contract to provide insurance coverage.

10

Sonoco has standing under § 502(a)(3), however, only as to those claims that are "related to the fiduciary responsibilities it possesses." *Coyne & Delany*, 98 F.3d at 1465 (internal quotation marks omitted). Sonoco is seeking by the Complaint to recover for harm that it suffered from PHP's breach, namely the increased costs it incurred when PHP refused to provide insurance coverage under the Contract. The harm that Sonoco suffered is therefore independent from any harm suffered by the Plan Beneficiaries. Sonoco is not asserting the breach of contract claims in its fiduciary capacity, but rather it is seeking to enforce its own rights under the Contract.[12] As a result, Sonoco has no standing to assert the breach of contract claims under § 502(a)(3); those claims are not completely preempted; and the federal courts lack jurisdiction over them. In these circumstances, the district court erred in denying Sonoco's motion to remand.

## IV.

Pursuant to the foregoing, we reverse the district court's denial of Sonoco's motion to remand, and we remand to the district court for such further proceedings as may be appropriate.

*REVERSED AND REMANDED*

---

[12] PHP contends that Sonoco's fiduciary role will be an issue in this litigation because Sonoco has alleged breach of contract accompanied by a fraudulent act. Specifically, PHP asserts that, by alleging that PHP falsely accused it of withholding information, Sonoco's duty as the plan administrator "to provide accurate information to PHP regarding the [P]lan's historical claims and experience," will be implicated. Appellee's Br. at 14. Assuming this to be true, and assuming that Sonoco's fiduciary role will have some tangential relationship to the litigation, the fact remains that Sonoco is not asserting the breach of contract claims in its fiduciary capacity. *Cf. Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 23 (2d Cir. 1996) (concluding state law fraud claim was not conflict pre-empted "simply because it may have a tangential impact on employee benefit plans"). As a result, Sonoco lacks standing to bring the breach of contract claims under § 502(a), and thus those claims are not completely preempted by ERISA.

11