**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1290**

---

JAMES KUTHY, individually and as Personal
Representative of the Estate of Debra K.
Kuthy, deceased,

                                    Plaintiff - Appellant,

          versus

BERNARD J. MANSHEIM; SCOTT L. SPRADLIN;
COVENTRY HEALTH CARE, INC.; CARELINK HEALTH
PLANS, INC.,

                                    Defendants - Appellees.

---

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling. Frederick P. Stamp, Jr.,
District Judge. (CA-03-108-5)

---

Submitted: October 8, 2004          Decided: December 3, 2004

---

Before WILKINS, Chief Judge, NIEMEYER, Circuit Judge, and Glen E.
CONRAD, United States District Judge for the Western District of
Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Patrick S. Cassidy, Wray V. Voegelin, Bradley H. Thompson, CASSIDY,
MYERS, COGAN, VOEGELIN & TENNANT, L.C., Wheeling, West Virginia,
for Appellant. Eric W. Iskra, Samuel M. Brock, III, Grant P. H.
Shuman, SPILMAN, THOMAS & BATTLE, P.L.L.C., Charleston, West
Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Kuthy appeals a decision of the district court denying his motion to remand and granting summary judgment against him on grounds of preemption. Finding that the issues raised are controlled by Aetna Health Inc. v. Davila, 124 S. Ct. 2488 (2004), we affirm.

I.

After a long struggle with non-Hodgkin's lymphoma, Kuthy's wife, Debra, died in May 2003. Kuthy filed this medical malpractice and wrongful death action in West Virginia state court alleging state law claims against his wife's HMO, Carelink Health Plans, Inc. (Carelink); Coventry Health Care, Inc. (Coventry), which owns Carelink; and two doctors who worked for Carelink and Coventry, Bernard J. Mansheim and Scott L. Spradlin.[1] Kuthy alleged that the physicians breached their standard of care by denying coverage for an experimental bone marrow transplant that had been recommended by Ms. Kuthy's treating physician. Appellees removed the case to federal court and moved to dismiss on the ground that Kuthy's claims were completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), see 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2004). The district court

_____

[1] We refer to Carelink, Coventry, Mansheim, and Spradlin collectively as "Appellees."

2

denied Kuthy's motion to remand.  Then, treating Appellees' motion to dismiss as a motion for summary judgment, the district court granted summary judgment in favor of Appellees.[2]  Kuthy now appeals.

## II.

"Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987).  For a claim to be completely preempted by ERISA, three requirements must be met:  "(1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must fall within the scope of an ERISA provision that it can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003) (internal quotation marks & alterations omitted).  Kuthy's claims meet each of these requirements.

First, Kuthy has standing to pursue an ERISA claim because he, acting individually and as personal representative of

---

[2]    Prior to entering judgment, the district court granted Kuthy twenty days in which to amend his complaint to assert a claim under ERISA.  Kuthy declined to do so.

3

his wife's estate, is "a participant or beneficiary" of the Carelink/Coventry plan.  29 U.S.C.A. § 1132(a)(1)(B) (West 1999).

Second, Kuthy's claims fall within the scope of an ERISA provision.  Claims that challenge an insurance company's interpretation of an ERISA-regulated plan fall within the scope of ERISA.  See Davila, 124 S. Ct. at 2496:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B).

In Davila, the plaintiffs brought malpractice claims for "injuries allegedly arising from [their insurance companies'] decisions not to provide coverage for certain treatment and services recommended by [plaintiffs'] treating physicians."  Id. at 2493.  Because the plaintiffs' claims stemmed from their insurance companies' interpretations of ERISA-regulated plans, the Court ruled that their malpractice claims implicated the same duties contained in ERISA and were therefore completely preempted.  See id. at 2498. The same is true here.  Kuthy alleges that Appellees committed malpractice by failing to authorize an experimental bone marrow transplant recommended by his wife's treating physician. Appellees' decision to deny coverage was based upon their interpretation of a provision in the insurance plan that excluded

4

experimental treatments.  Kuthy's claim therefore falls within the scope of ERISA.

Finally, it is unquestioned that Kuthy's insurance plan is an ERISA-governed plan.  As all of the requirements set forth in Sonoco Prods. Co. are met, we hold that Kuthy's claims are completely preempted by ERISA.  Kuthy's motion to remand the case was properly denied, see Davila, 124 S. Ct. at 2495, and summary judgment in favor of Appellees was appropriate.

III.

For the reasons stated above, we affirm the judgment of the district court.

AFFIRMED

5