**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1708**

BERNICE DEEM,

　　　　　Plaintiff - Appellant,

　　v.

BB&T CORPORATION, a North Carolina Corporation; PHYLLIS H.
ARNOLD,

　　　　　Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph R. Goodwin, Chief
District Judge.  (2:06-cv-00343)

Argued:  March 19, 2008　　　　　　　Decided:  May 28, 2008

Before MICHAEL and GREGORY, Circuit Judges, and Jane R. ROTH,
Senior Circuit Judge of the United States Court of Appeals for the
Third Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Leman Walton Auvil, RUSEN & AUVIL, Parkersburg, West
Virginia, for Appellant.  Jill E. Hall, BOWLES, RICE, MCDAVID,
GRAFF & LOVE, P.L.L.C., Charleston, West Virginia, for Appellees.
**ON BRIEF:** Ricklin Brown, Mark H. Dellinger, BOWLES, RICE, MCDAVID,
GRAFF & LOVE, P.L.L.C., Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernice Deem (Deem) appeals the district court's dismissal of her complaint alleging breach of contract and other West Virginia state law claims against BB&T Corporation and Phyllis Arnold (collectively, BB&T) regarding the payment of severance benefits. We affirm.

This case stems from a gender discrimination claim that Deem asserted against her employer, One Valley Bancorp, Inc. (One Valley). Deem and One Valley settled the claim by entering into a settlement contract, dated July 29, 1998. The contract provided that Deem would have "employment status" with One Valley as a paid consultant until the earlier of August 31, 2007, or a merger or acquisition involving One Valley "which results in change-in-control." J.A. 35-36. The contract also provided that if a change in control occurred, Deem would be paid according to the One Valley employee severance policy and that all other obligations under the contract would then cease. As all parties concede, One Valley's severance policy is governed by the federal Employee Retirement Income Security Program (ERISA), 29 U.S.C. §§ 1001-3007. On July 6, 2000, BB&T acquired One Valley, triggering the change-in-control provision in the settlement contract. BB&T promptly sent a severance check to Deem. Deem did not deposit or endorse this check because she believed that her severance payment had not been properly calculated. She then filed this lawsuit in state court,

2

which BB&T then removed to U.S. district court.  Deem's complaint alleged breach of her settlement contract and asserted other state law claims relating to the calculation and amount of her severance benefits.

The district court concluded that Deem's claims were completely preempted by ERISA under <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200 (2004), and <u>Sonoco Products Co. v. Physicians Health Plan, Inc.</u>, 338 F.3d 366 (4th Cir. 2003).  The district court explained that Deem's claims involved the calculation of her benefits under the ERISA-governed severance plan.  As a result, Deem had standing to bring her claims under ERISA § 502, her claims fell within the scope of ERISA, and resolution of her claims required interpretation of the ERISA plan.  <u>See</u> <u>Sonoco Prods. Co.</u>, 338 F.3d at 372.  As the district court noted, Deem was required to exhaust her administrative remedies under the plan prior to filing an ERISA claim in federal court.  <u>See</u> <u>Gayle v. United Parcel Serv., Inc.</u>, 401 F.3d 222, 226 (4th Cir. 2005).  Because Deem failed to exhaust administrative remedies, the district court was correct in dismissing her complaint.  Accordingly, we affirm on the reasoning of the district court.  <u>See</u> <u>Deem v. BB&T Corp.</u>, No. 2:06-cv-00343 (S.D. W.Va. June 25, 2007).

<u>AFFIRMED</u>

3