**Pamela J. ABADIE, Formerly Pamela J. Nelson, Plaintiff,**

v.

**CCG SYSTEMS, INC., Employee Stock Ownership Plan and Trust, Defendant.**

**CIVIL NO. 2:15cv164**

United States District Court, E.D. Virginia, **Norfolk Division.**

April 28, 2015

John Frederick Sawyer, Samuel Warrenton Meekins, Jr., Wolcott Rivers Gates, Virginia Beach, VA, for Plaintiff.

James Richard Theuer, James R. Theuer, PLLC, Norfolk, VA, Lars Calvin Golumbic, Natasha Sophia Fedder, Groom Law Group, Chartered, Washington, DC, for Defendant.

### MEMORANDUM SHOW CAUSE ORDER

Rebecca Beach Smith, Chief, United States District Judge

This matter comes before the court on the Notice of Removal filed by CCG Sys-

tems, Inc. Employee Stock Ownership Plan and Trust (the "Plan") on April 17, 2015. ECF No. 1

### I. FACTS AND PROCEDURAL HISTORY

Pamela Jo Abadie, formerly Pamela J. Nelson ("Abadie"), is the former president and former majority stockholder of CCG Systems, Inc. ("CCG"). Exh. A, Notice of Removal [hereinafter Compl.] ¶ 1, ECF No. 1–1.[1] CCG was a closely held corporation, and Abadie rewarded her employees with shares of stock. *Id.* ¶¶ 4–5. In 2003, the decision was made to create an employee stock ownership plan ("ESOP"), which eventually became the Plan. The Complaint alleges that Abadie and the other shareholders, who were all employees of CCG, sold their shares of CCG stock to the Plan in exchange for promissory notes and cash. *Id.* ¶¶ 8–9. The promissory note (the "Note") executed between Abadie and the Plan—of which Abadie was the trustee at the time—was for a total of $2,399,358.00 at a per annum interest rate of 5.0%. Promissory Note, Ex. A. to Compl. The Note was issued without recourse against the Plan or its assets, meaning that the lender's only remedy for a breach of contract is against any collateral pledged. *Id.* Abadie has not worked for CCG or held a fiduciary position with the Plan since February of 2009. Compl. ¶ 11.

The Plan regularly made payments to Abadie on the Note from 2005 through 2012. *See* Loan Amortization Schedule, Exh. B. to Compl. However, Abadie claims that in July 2013, the Plan, through counsel, demanded that she enter into a

---

1. The court relies upon the allegations made in Abadie's state court complaint and in the Plan's Notice of Removal. The relevant facts outlined therein do not appear to be conflicting, and for the purposes of discerning removal jurisdiction, the court accepts them as true.

new promissory note that would reduce the remaining balance owed from $1,897,168 to $738,751. Compl. ¶ 13. Abadie alleges that, in order to compel her to enter into this revised agreement, the Plan refused to continue to make payments to her and advised her that her payments were being "escrowed," although it never identified an escrow agent. Compl. ¶¶ 14—15. The Plan, in the Notice of Removal, contends that a Department of Labor investigation revealed "evidence of various violations of the Employee Retirement Income Security Act ("ERISA") by Abadie in the formation of the Plan, which occurred while Abadie was in the conflicted roles of the Company's CEO, trustee, and majority shareholder." Notice of Removal ¶ 14, The Plan contends that it contacted Abadie in an attempt to amend the Note in order to bring it into compliance with ERISA, an offer which Abadie declined. Id. ¶¶ 16, 18. As a consequence, the Plan began to place the payments to her in an escrow account. Id. ¶ 18.

On March 13, 2015, Abadie filed a Complaint against the Defendant in the Circuit Court of the City of Virginia Beach, seeking a judgment "for the amounts due her pursuant to the Promissory Note for 2013 and 2014, and any others that may accrue in the course of this litigation, for the costs incurred as a result of this action, and for such other and further relief the Court deems appropriate in this matter." Compl. at 4.

On April 17, 2015, the Plan removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Although the Plan acknowledges that "federal jurisdiction is not expressly presented on the face of the plaintiff's complaint," it claims that the action may nevertheless be removed because "it falls within the class of claims to which the doctrine of 'complete preemption' applies." Notice of Removal ¶ 25.

Specifically, the Plan argues that "ERISA is one of the particular subject matter areas in which Congress has completely preempted groups of ERISA qualified plan-related claims." Id. ¶ 26. Because the Plan's claim involves a loan made to an ESOP, which is covered by ERISA, it maintains that ERISA's comprehensive statutory scheme "completely preempt[s] and federalize[s] Abadie's claim that she is entitled to relief based on [its] alleged breach of the [promissory note]." Id. ¶ 32.

## II. ANALYSIS

Although Abadie has not yet contested this court's jurisdiction over this matter, "questions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by this court." Plyler v. Moore, 129 F.3d 728, 731 n. 6 (4th Cir.1997); 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). While the Plan asserts that federal question jurisdiction is satisfied in this case because Abadie's state law claim is completely preempted by ERISA, questions remain that need to be addressed before this court assumes jurisdiction of this case.

First, a case that is filed in state court may only be removed to federal court by a defendant, if such a case could have been filed in federal court originally. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The burden of demonstrating such subject matter jurisdiction "resides with the party seeking removal." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir.2003)

(internal citation omitted). Moreover, federal courts "are obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises significant federalism concerns." *Id.* (internal citation omitted). If removal is based on federal question jurisdiction, the federal question must ordinarily appear on the face of the state complaint. *Metro. Life Ins. Co.*, 481 U.S. at 63, 107 S.Ct. 1542. Pursuant to this "well-pleaded complaint rule," a federal issue that may be raised as a defense, such as federal preemption, does not suffice to confer subject-matter jurisdiction on the case. *Id.* However, when a federal statutory scheme is so comprehensive that it encapsulates any related state claims, courts have deemed such claims to be completely preempted by the federal statutory scheme. *Id.* at 63–64, 107 S.Ct. 1542 ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). In other words, the state law claim is recharacterized as an action arising under federal law. *Id.* at 64, 107 S.Ct. 1542. This "complete preemption" doctrine has only been extended to certain comprehensive statutes, one of which is ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) ("Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

 However, a state claim may be preempted by ERISA without being completely preempted, and, therefore, it is not removable to federal court. *Sonoco*, 338 F.3d at 371 ("The fact that a state law claim is 'preempted' by ERISA—i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefit plans—does not, however, provide a basis for removing the claim to federal court."). In order for a claim to be completely preempted by ERISA's comprehensive scheme, and therefore removable, the Court of Appeals for the Fourth Circuit has recognized three "essential requirements":

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must fall within the scope of an ERISA provision that it can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan.

*Moon v. BWX Techs.*, 498 Fed.Appx. 268, 273 (4th Cir.2012) (quoting *Sonoco*, 338 F.3d at 372). The Plan has not met its burden to demonstrate that the court has subject matter jurisdiction over this case, as it has failed to make the threshold showing that Abadie has statutory standing under ERISA to bring her claim pursuant to § 502(a).

"[T]he threshold requirement for complete preemption is that the plaintiff possess standing to assert its claim under § 502(a)." *Sonoco*, 338 F.3d at 372. ERISA § 502(a), which is codified at 29 U.S.C. § 1132(a), denotes the "[p]ersons empowered to bring a civil action." The Plan in this case relies upon § 502(a)(3), which grants statutory standing to a "participant, beneficiary, or fiduciary." *See* Notice of Removal ¶¶ 29–30. Abadie has stated that she "is a creditor of the Plan and files this action solely in that capacity." Compl. ¶ 20. If Abadie is proceeding solely in her capacity as a creditor, then she lacks statutory standing under ERISA and the case is non-removable.

The Plan alleges that Abadie "is and was a Plan participant and beneficiary." No-

tice of Removal ¶ 30. ERISA defines a participant as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan ..., or whose beneficiaries may be eligible to receive any such benefit," ERISA § 3(7); 29 U.S.C. § 1002(7). Similarly, a beneficiary is one "who is or may become entitled to a benefit" under the plan, ERISA § 3(8); 29 U.S.C. § 1002(8).

■ As it is uncontested that Abadie no longer works for CCG, nor will she in the future, the court must determine whether she is either a former employee who qualifies as a participant or a beneficiary. The Supreme Court has held that the statutory definition of a participant under ERISA encompasses "former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits," *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Similarly, the definition of a beneficiary has been interpreted to require a claimant to "have a reasonable or colorable claim to benefits under an ERISA plan," and courts have therefore treated both classes of claimants similarly. *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 790 (8th Cir. 2012); *Crawford v. Roane*, 53 F.3d 750, 754–55 (6th Cir.1995) (applying the Supreme Court's analysis of a participant to an alleged beneficiary of an ERISA plan); *see also Moon*, 498 Fed.Appx. at 273 (noting that an employee is considered a beneficiary for jurisdictional purposes if she can show that "she had a colorable claim to benefits"). The court does not need to reach the issue of whether Abadie has a "colorable claim for vested benefits," as she is not seeking to recoup vested benefits. She is instead seeking what she claims is owed to her under the terms of the Note. *See* Compl. at 4. A participant only has standing under ERISA, if she is actually bringing a colorable claim for vested benefits. *Miller v. Rite Aid Corp.*, 334 F.3d 335, 342 (3d Cir.2003). To read the statute any other way would grant standing to a plan participant or beneficiary who brings any type of claim, even one that is completely unrelated to the plan itself. *See Larue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256, 128 S.Ct. 1020, 169 L.Ed.2d 847 (2008) (holding that § 502(a) "does not provide a remedy for individual injuries distinct from plan injuries"). Thus, the Plan has failed to properly allege facts to show that Abadie has standing as either a participant or a beneficiary in this case.

■ The Plan also seeks to define Abadie as a fiduciary because she served as the trustee of the Plan at the time the Note was finalized and entered. Notice of Removal ¶ 30. A person is a fiduciary under ERISA "to the extent" she is: (i) one who "exercises any discretionary authority or discretionary control respecting management of such plan ... or management or disposition of its assets"; (2) one who "renders investment advice for a fee or compensation ... or has any authority or responsibility to do so"; or (3) one who "has any discretionary authority or discretionary responsibility in the administration of such plan," ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A). Abadie certainly served in a fiduciary capacity at the time the Note was entered into, given that she signed the Note in her capacity as Trustee of the Plan. Promissory Note, However, she has not served in a fiduciary role since February of 2009, Compl. ¶ 11, and therefore she would lack standing to bring a suit under § 502(a)(3) of ERISA. *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnt., Inc.*;

710 F.3d 57, 66 (2d Cir.2013) ("[A] former fiduciary . . . lack[s] standing where it no longer ha[s] an interest in protecting a plan to which it was now a complete stranger.") (internal citation omitted).

 Even if Abadie were still a fiduciary of the Plan, when a fiduciary's "claims in a lawsuit relate solely to its own injuries, and not to its fiduciary responsibilities to the plan or to the plan's participants and beneficiaries, it is not acting as an ERISA fiduciary under 29 U.S.C. § 1002(21)(A)." *Sonoco*, 338 F.3d at 373. Abadie's claim is brought as a creditor asserting her own rights, it is not a claim of the fiduciary on behalf of the Plan or its participants and beneficiaries. Therefore, the Plan has failed to allege facts to show that Abadie has standing as either a fiduciary, participant, or beneficiary. Without standing, the federal courts lacks jurisdiction over her claim. *Sonoco*, 338 F.3d at 374.

### III. CONCLUSION

Based on the Notice of Removal and the initial pleading, no federal question is presented on the face of Abadie's state law complaint, and her claim is not "completely preempted" by ERISA. Accordingly, the Defendant is **ORDERED** to show cause within fourteen (14) days of the date of this Show Cause Order why this case should not be remanded to the Circuit Court of the City of Virginia Beach. The Clerk is **DIRECTED** to forward a copy of this Show Cause Order to counsel of record for the parties.

**IT IS SO ORDERED.**