# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christine Stenger,**
**Plaintiff Below, Petitioner**

**vs)  No. 15-0439** (Ohio County 07-C-466)

**Carelink Health Plans, Inc., and Patrick W. Dowd,**
**Defendants Below, Respondents**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christine Stenger, by counsel Paul T. Tucker, appeals the order of the Circuit Court of Ohio County, entered on February 27, 2015, granting respondents' renewed motion for summary judgment. Respondents Carelink Health Plans, Inc. (also sometimes referred to as "Carelink") and Patrick W. Dowd appear by counsel Eric W. Iskra and Grant P.H. Shuman.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint in the Circuit Court of Ohio County on October 15, 2007, asserting that Respondent Carelink (a health maintenance organization in which she participated through a company owned by her husband) and Respondent Dowd (former president and chief executive officer of Carelink) discriminated against her on the basis of a disability, intimidated her to prevent her from testifying in an administrative hearing before the West Virginia Offices of the Insurance Commissioner, and negligently and intentionally inflicted emotional distress on her.[1] She stated in the complaint that she did "not seek to recover benefits due to her under the terms of her health care plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan." Respondents removed the action to the United States District Court for the Northern District of West Virginia, citing 29 United States Code § 1001, (the Employee Retirement Income Security Act, or "ERISA") as preemptive. Petitioner moved for remand on the basis of her own affidavit, in which she attested, in pertinent part:

> The acts of discrimination and intimidation which form the basis of my Complaint in the present action occurred during the course of the administrative proceeding

---

[1] We note that, despite petitioner's claims, she ultimately completed the administrative process and her benefit request was approved.

1

before the West Virginia Insurance Commissioner. They are unrelated to my claim for benefits and instead arise out of my participation in an official proceeding of the State of West Virginia.

The matter was remanded and discovery was conducted in state circuit court. Subsequent to the close of discovery, respondents again removed the case to the federal district court because, in responding to respondents' motion for summary judgment, petitioner wrote that her claims included issues of discrimination and intimidation regarding "any aspect of her access to the complaint mechanism established by law whereby a policyholder may seek redress for misbehavior of an insurance carrier. It includes her access to Carelink's records as may be necessary to pursue her complaint [and] her right to a clear explanation of her appeal rights. . . ." Petitioner moved for remand, and the federal district court granted her motion, finding that the case was removable at least as early as 2009, based on petitioner's response to an interrogatory wherein she responded that her "access to the Carelink claims[-]handling and complaint and appeal processes have been inhibited or denied." The federal district court also explained that petitioner later "admitted" in her deposition that she asserted that Respondent Carelink did not properly administer her claim. Upon remand, respondents renewed an earlier-filed motion for summary judgment, in which they argued that petitioner's claims were preempted by ERISA and could only be brought in federal court. The motion was granted, and this appeal followed.

Petitioner's sole assignment of error before this Court is that the state circuit court erred in finding that the claims set forth in her complaint are completely preempted by the provisions of ERISA. The circuit court's conclusion of law is one that we review de novo. *Turner ex rel. Turner v. Turner,* 223 W. Va. 106, 112, 672 S.E.2d 242, 248 (2008)(citing Syl. Pt. 1, *Appalachian Power Co. v. Tax Dep't,* 195 W.Va. 573, 466 S.E.2d 424 (1995)) (holding that the interpretation of a statute presents a purely legal question subject to de novo review) and *Kollar v. United Transp. Union,* 83 F.3d 124, 125 (5th Cir.1996) (recognizing that "preemption is a question of law reviewed *de novo*")(citation omitted)).

We have explained that "[t]he only state law claims properly removable to federal court are those that are completely preempted by ERISA's civil enforcement provision, § 502(a)." *Turner,* 223 W. Va. at 112, 672 S.E.2d at 248 (quoting *Sonoco Products Co. v. Physicians Health Plan,* 338 F.3d 366, 371 (4th Cir. 2003)). We agree with the federal district court and our state circuit court that petitioner's claims are completely preempted. As the circuit court aptly explained, ERISA section 510 is an anti-discrimination statute providing, in part, that

> [i]t shall be unlawful for any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter. . . . It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter. . . . . *The provisions of section 1132 of this title shall be applicable in the enforcement of this section.*

29 U.S.C. § 1140 (emphasis supplied.) Petitioner's claims fall squarely within this section and are exclusively remedied through 29 United States Code § 1132. In so finding, we reject petitioner's argument that Section 1140 is applicable only within the employer-employee relationship inasmuch as the plain reading of the statute prohibits "any person" from adversely affecting the rights of a "participant or beneficiary." As such, petitioner's claims are completely preempted.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3