NATIONAL CENTERS FOR FACIAL
PARALYSIS, INC.

v.

WAL–MART CLAIMS ADMINISTRA-
TION GROUP HEALTH PLAN

No. CIV.A.DKC 2002–1871.

United States District Court,
D. Maryland.

Feb. 14, 2003.

Lawrence Allan Arch, Lawrence Allan Arch PC, Gaithersburg, MD, William Compton Poling, Jr., William C. Poling, Jr. PC, Rockville, MD, for Plaintiff.

Edwin L. Rawson, Lawrence and Russell LLP, Memphis, TN, Michelle Ericka Stawinski, Bouland and Brush LLC, Baltimore, MD, John M. Russell, Lawrence and Russell LLP, Memphis, TN, for Defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this case brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, is the motion of Defendant Wal–Mart Claims Administration Group Health Plan to Dismiss Counts III and IV of Plaintiff's Complaint. The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court will deny the motion to dismiss count III and grant the motion to dismiss count IV.

## I. Background

The following facts are alleged by Plaintiff. Plaintiff National Centers for Facial Paralysis, Inc. (Plaintiff or NCFP) is a specialized health care provider that provides, among other things, treatment for facial paralysis. Plaintiff has pioneered several therapies to treat facial paralysis resulting from ailments such as Bells Palsy.

Defendant is a self-funded health and welfare plan covered by ERISA. Ms. Linda Swolensky is a beneficiary covered by Defendant Plan and a patient of NCFP. Ms. Swolensky has suffered from facial paralysis on the left side of her face due to Ramsey Hunt Syndrome since 1964. One of the most severe effects of Ms. Swolensky's facial paralysis has been the inability to close one eye. She was evaluated by NCFP on or about March 9, 1999 and advised that failure to correct this problem would risk loss of sight in that eye and that she was a good candidate for rehabilitation under the NCFP program. Based on Defendant's assurances that Ms. Swolensky was covered for this treatment, NCFP and Ms. Swolensky completed all of Defendant's procedural requirements for coverage, including consultations with vari-

ous specialists and obtaining a Certificate of Medical Necessity, and Ms. Swolensky began a twelve-month course of treatment at NCFP.

Defendant then refused to pay for the treatment, therapy, and other services provided by NCFP to Ms. Swolensky. After the exchange of a series of telephone calls and correspondence and the filing of an appeal by Ms. Swolensky, Defendant finally agreed to cover Ms. Swolensky's treatment and some payments were thereafter received by NCFP. NCFP continued to treat Ms. Swolensky. Despite Defendant's original representation that Ms. Swolensky's treatment was covered under its plan and its subsequent agreement to cover Ms. Swolensky, Defendant again refused to pay for NCFP's services and Ms. Swolensky was forced to discontinue her treatment. Ms. Swolensky filed a second appeal but Defendant denied her request and refused to pay for any further treatment for Ms. Swolensky's condition.

Having exhausted all reasonable efforts to treat Ms. Swolensky and receive payment, NCFP filed the instant suit against Defendant in the Circuit Court for Montgomery County, Maryland on April 26, 2002. Defendant removed the case to this court on June 3, 2002 and soon afterwards moved for dismissal or for summary judgment on the basis of ERISA preemption. NCFP amended its complaint on July 8, 2002. Defendant answered Counts I (improper denial of benefits under ERISA) and II (equitable estoppel under ERISA) of the amended complaint and renewed its motion to dismiss Counts III (negligent misrepresentation under Maryland law) and IV (promissory estoppel under Maryland law) on July 29, 2002.

## II. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. 99; *Comet Enters. Ltd. v. Air–A–Plane Corp.,* 128 F.3d 855, 860 (4th Cir.1997). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), *quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir.1997). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell,* 412 F.2d 712, 715 (4th Cir.1969). The court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979).

## III. Analysis

Defendant argues that NCFP's claims for negligent misrepresentation

(count III) and promissory estoppel (count IV) are preempted by ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. Section 514(a)'s preemptive scope is not limited to state laws designed to affect employee benefit plans or those governing the subject matters covered by ERISA. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). In fact, the Supreme Court has interpreted the phrase "relate to" in § 514(a) very broadly: "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.,* 96–97, 103 S.Ct. 2890. According to Defendant, Plaintiff's state law claims "relate to" an ERISA plan and are therefore preempted by § 514(a) and should be dismissed.

ERISA's expansive preemption clause was designed to "establish pension plan regulation as exclusively a federal concern," *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981), by "eliminating the threat of conflicting and inconsistent State and local regulation." 120 Cong. Rec. 29197 (1974). In particular, Congress intended to preempt state laws "'providing alternate enforcement mechanisms' for employees to obtain ERISA plan benefits." *Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1468 (4th Cir.1996), quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers,* 514 U.S. 645, 658, 115 S.Ct. 1671, 1678, 131 L.Ed.2d 695 (1995). What complicates the question of whether Plaintiff's claims should be dismissed as preempted here, however, is that NCFP is not the employee beneficiary of Defendant's ERISA Plan. NCFP brings claims

against Defendant both as an assignee of the beneficiary's rights under the Plan and on its own behalf as a third party health care provider. Defendant does not challenge NCFP's right to bring claims pursuant to ERISA as an assignee of Ms. Swolensky's rights under the Plan. The question presented is whether NCFP, in its capacity as a third party health care provider, may bring state law claims of negligent misrepresentation and promissory estoppel against Defendant.

■ As an initial matter, Defendant argues that because Plaintiff brings claims as an assignee under ERISA in counts I and II, it should be barred from bringing claims in its individual status as a third party provider of health care services in counts III and IV. There is little question that any concomitant state law claims brought by a plaintiff provider as an assignee under ERISA must be preempted. *See Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988). Likewise, state law claims brought by a plaintiff as an independent third-party provider may not necessarily be preempted. *See Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 243–46 (5th Cir.1990); *see also The Meadows v. Employers Health Ins.,* 47 F.3d 1006 (9th Cir.1995). Defendant posits that allowing Plaintiff to assert claims in both of its capacities at once would be to allow Plaintiff to "have its cake and eat it too." Paper 25, at 2.

No cases have been brought to the attention of this court that articulate a bright line rule prohibiting a plaintiff such as NCFP from bringing claims simultaneously as an assignee and on its own behalf. In fact, in *Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529 (11th Cir.1994), the plaintiff home health care provider was allowed to sue an ERISA plan administrator asserting both ERISA

claims as an assignee and state law claims as an independent third party provider at the same time. Defendant notes that the plaintiff's right to do so in *Lordmann* was not challenged as Defendant is challenging NCFP's right here. Even given Defendant's challenge, the court notes that in *The Meadows,* the plaintiff treatment facility first brought state law claims against the health insurer *as an assignee* of the plan participants. When those state claims were dismissed as preempted, the plaintiff was permitted to file another action against the health insurer—*as a third-party health care provider*—for claims that were non-derivative and independent of the plan participants' rights. *Id.,* 47 F.3d at 1008. Given that a third-party health care provider may bring claims both as assignee and in its own right in tandem, there seems to be no reason why a provider should not be able to assert claims in both capacities at the same time. In the absence of authority to the contrary, the court sees no contradiction in allowing NCFP to assert its independent state law claims along with its ERISA claims as Ms. Swolensky's assignee.

The operative question remains whether the state law claims that NCFP brings as an independent third party provider are preempted by ERISA. The touchstone for deciding this question is whether those claims "relate to" the ERISA plan. In *Shaw,* 463 U.S. at 96–97, 103 S.Ct. at 2899–2900, the Supreme Court explained that a law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan" but that "some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan". *Id.* at 100 n. 21, 103 S.Ct. at 2901 n. 21.

There is no binding Fourth Circuit precedent on the issue of when a third party provider's independent state law claims are preempted by ERISA. *See Reichmister v. United Healthcare of the Mid–Atlantic, Inc.,* 93 F.Supp.2d 618, 622 (D.Md. 2000) (noting this fact). This court therefore looks to the reasoning of other circuits for guidance. The Fifth Circuit has addressed on several occasions the issue of whether an independent third-party provider's state law claims are "related to" an ERISA plan and therefore preempted. Most recently, that circuit held that the analytical framework "requires, when there is some coverage [of the participant under the plan], that the court take the next analytical step and determine whether the claim in question is dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc.,* 164 F.3d 952, 955 (5th Cir. 1999).

In the present case, there is no dispute that Ms. Swolensky was covered by Defendant. Under the framework articulated by *Transitional Hospitals,* the question is whether NCFP's claims for negligent misrepresentation and promissory estoppel are dependent on and derived from Ms. Swolensky's rights to recover her plan benefits.

### 1. Negligent Misrepresentation Claim

 Under Maryland law, the principal elements of the tort of negligent misrepresentation are: (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has the knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement;

and (5) the plaintiff suffers damage proximately caused by the defendant's negligence. *See Cooper v. Berkshire Life Ins. Co.,* 148 Md.App. 41, 57, 810 A.2d 1045, 1054 (2002) (citing *Martens Chevrolet, Inc. v. Seney,* 292 Md. 328, 337 439 A.2d 534, 539 (1982)).

The false statement at issue here is the representation that Defendant allegedly made to NCFP that Ms. Swolensky was covered for the treatment that NCFP was offering. The thrust of NCFP's claim is therefore dependent on and derived from Defendant's *representation* that Ms. Swolensky was covered for the treatment that NCFP was offering—but not directly dependent on or derived from Ms. Swolensky's right to recovery. In fact, NCFP can only prevail on this claim if it establishes that Defendant's representation was false—i.e., that Ms. Swolensky has no right to recover. *See Transitional Hospitals,* 164 F.3d at 955 (holding that the plaintiff's common law misrepresentation claim was not dependent on or derived from the participant's right to recover benefits under the plan because, to the extent that the participant was not covered by the policy as represented by Defendants, defendants made an actionable misrepresentation). NCFP's claim for negligent misrepresentation under Maryland law is therefore not preempted and Defendant's motion to dismiss count III will be denied.

### 2. *Promissory Estoppel Claim*

■■■ The elements that comprise a claim for promissory estoppel in Maryland are: (1) a clear and definite promise; (2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee; (3) which does induce actual and reasonable action or forbearance of the promisee; and (4) causes a detriment which can only be avoided by the enforcement of the promise. *Pavel Enterprises, Inc. v. A.S. Johnson, Inc.,* 342 Md. 143, 166, 674 A.2d

521, 532 (1996). Applying the same *Transitional Hospitals* framework to NCFP's promissory estoppel claim, the court finds that it also is not preempted.

The clear and definite promise at issue here is Defendant's alleged promise to NCFP to pay for Ms. Swolensky's treatment. Here, NCFP's promissory estoppel claim, like its negligent misrepresentation claim, is not dependent on or derived from Ms. Swolensky's right to recover her benefits under the plan. As the Tenth Circuit observed,

> [the defendant's] denial of payment to [plaintiff third party provider] was a mere consequence of its denial of coverage to [beneficiary]. [The plaintiff] does not claim any rights under the plan, and does not claim any breach of the plan contract. The promissory estoppel claim does not seek to enforce or modify the terms of the plan, nor is there any 'threat of conflicting and inconsistent State and local regulation.'

*Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.,* 944 F.2d 752, 754 (10th Cir.1991)(internal citations omitted). The promissory estoppel claim brought by NCFP is therefore not preempted and Defendant's motion to dismiss count IV will be denied.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims for negligent misrepresentation (count III) and promissory estoppel (count IV) brought under Maryland law will be denied. A separate order will follow.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ___ day of February, 2003, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Defendant Wal–Mart Claims Administration Group Health Plan to dismiss counts III and IV of Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.