PENINSULA REGIONAL MEDICAL CENTER, Plaintiff,

v.

MID ATLANTIC MEDICAL SERVICES, LLC, et al. Defendants.

No. CIV.A. RDB–04–657.

United States District Court, D. Maryland, Northern Division.

July 22, 2004.

Linda M. Fotheringill, Fotheringill and Wade LLC, Towson, MD, Tracy Ann Wade, Fotheringill and Wade LLC, Baltimore, MD, for Plaintiff.

Christopher Flynn, King Pagano and Harrison, Washington, DC, for Defendants.

## MEMORANDUM OPINION

BENNETT, District Judge.

Plaintiff Peninsula Regional Medical Center ("Peninsula") is a licensed hospital providing medical care to the residents of Maryland's Eastern Shore. Peninsula filed its complaint in the Wicomico County Circuit Court on January 23, 2004, against Defendants Mid Atlantic Medical Services, LLC, (f/k/a Mid Atlantic Medical Services, Inc.), MD–Individual Practice Association,

Inc., Optimum Choice, Inc., MAMSI Life and Health Insurance Co., and Alliance PPO, LLC (f/k/a Alliance PPO, Inc.) (collectively "MAMSI"), alleging that the Defendants breached contracts under which Peninsula agreed to provide medical services to MAMSI subscribers in return for prompt payment. Defendants removed the case to this Court on March 3, 2004. They contend, *inter alia*, that this Court has federal removal jurisdiction over Plaintiff's state-law claims because those claims "relate to" contract terms defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and are therefore preempted by ERISA. The Defendants have filed a Motion to Dismiss Plaintiff's claims [1] and Peninsula has filed a Motion to Remand the case to the Circuit Court for Wicomico County. In its Motion to Remand, Plaintiff disputes the assertion that its claims are preempted by ERISA, and argues that the case should be remanded for lack of jurisdiction. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6 (D.Md.2002). For the reasons that follow, Plaintiff's Motion to Remand the case will be GRANTED.

### I. *Background*

Peninsula executed contracts with each of the MAMSI Defendants, whereby Peninsula agreed to provide health care and related services to MAMSI subscribers in return for MAMSI's promise to pay for the services. Plaintiff's complaint is essentially that Defendants breached the agreements by failing to timely pay for "medically-necessary" services rendered to MAMSI subscribers. Specifically, Plaintiff alleges four counts, all of which arise under Maryland law: breach of contract (Count I); breach of oral contract (Count

---

1. The Defendants filed this Motion to Dismiss pursuant to Rule 12(b)(6) based, *inter alia*, on preemption arguments. The Plaintiff opposed that Motion. In light of the Court's ruling, that Motion is rendered moot.

II); promissory estoppel (Count III); quantum meruit/quasi-contract (Count IV). It is undisputed by the parties that Peninsula rendered certain medical services to MAMSI subscribers and that MAMSI refused to pay for the services rendered, which it deemed were not medically necessary as defined by the terms of the respective health insurance plans.

In their Notice of Removal, Defendants provide two bases for federal removal jurisdiction. First, Defendants argue that at least one of Plaintiffs' claims is completely preempted by the Federal Employees' Health Benefits Act ("FEHBA"), 5 U.S.C. § § 8901, et seq. Plaintiff has now abandoned the single claim that is governed by FEHBA. (Pl.'s Mem. in Supp. of Mot. to Remand at 1.)

Second, Defendants assert that all of the remaining claims of Peninsula are preempted by ERISA. They claim that the trier of fact will be required to interpret the term "medically necessary" to resolve the controversy over whether Defendants were required to pay for the disputed services. This analysis, they argue, would require interpretation of the terms of an ERISA plan, thus rendering Plaintiff's claims preempted by ERISA § 1144(a). Plaintiff moved to remand the remaining claims based on its contention that these claims are not preempted by ERISA and that this Court lacks subject matter jurisdiction over these state-law claims.

## II. *Standard of Review*

The Defendants aptly note the standards set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), for its Motion to Dismiss, filed pursuant to Rule 12(b)(6). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

(cited in *National Centers for Facial Paralysis, Inc. v. Wal–Mart Claims Administration Group Health Plan*, 247 F.Supp.2d 755, 757 (D.Md.2003)). However, Defendants' Motion addresses the legal merits of Plaintiff's claims. As previously noted, the Court need not reach the merits in light of the Court's conclusion that there is no federal removal jurisdiction over Plaintiff's state-law claims.

■ With respect to removal jurisdiction, "[t]he burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir.2003) (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.* 29 F.3d 148, 151 (4th Cir.1994)). In *Mulcahey*, the Fourth Circuit noted that the removal of proceedings from state court to federal court raises "significant federalism concerns," 29 F.3d at 151, and, in *Sonoco Products*, the court recognized that removal jurisdiction should be "narrowly" interpreted in light of these concerns. 338 F.3d at 370.

## III. *Analysis*

The threshold question presented here is identical to that before this Court in *Johns Hopkins Hospital, et al. v. CareFirst of Maryland, Inc.*, Civil No. RDB 03–3333, also decided this day by Memorandum Opinion and Order. That precise question is whether this Court has federal removal jurisdiction over Plaintiff's state-law claims based solely on Defendants' assertion of the defense of ERISA preemption. This question turns on the critical distinction between ordinary preemption and "complete preemption." *Sonoco Products*, 338 F.3d at 370. In *Sonoco Products*, the Fourth Circuit noted that "[i]n the ERISA context, the doctrines of [ordinary] preemption and complete preemption are important, and they are often confused." 338 F.3d at 371. The *Sonoco*

court reviewed "the scope of removal jurisdiction generally, and with respect to ERISA specifically." *Id.*

Under the doctrine of "ordinary" or "conflict" preemption, state laws that conflict with federal laws are preempted, and preemption can be asserted as a "federal defense to the plaintiff's suit." *Id.* at 370–371 (quoting *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 186–187 (4th Cir.2002) quoting in turn *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Ordinary preemption does not give rise to federal removal jurisdiction. *Sonoco*, 338 F.3d at 370; *see also Taylor*, 481 U.S. at 63, 107 S.Ct. 1542; *Darcangelo*, 292 F.3d at 186. In other words, defendants must ordinarily assert the "federal defense" of ordinary preemption in the state court in which the state-law action was brought.

Conversely, under the "complete preemption" doctrine, "federal law so completely sweeps away state law that any action purportedly brought under state law is transformed into federal action that can be brought originally in, or removed to, federal court." *King v. Marriott International, 'Inc.*, 337 F.3d 421, 425 (4th Cir. 2003). In determining whether a particular federal law has such preemptive force, courts look to whether Congress intended the federal law to "exclusively govern" the area implicated by the state law. *Id.* In such instances, "the plaintiff simply has brought a mislabeled federal claim" which is more appropriately addressed by the federal law. *Id.* at 425.

Section 514 defines the scope of ERISA's ordinary preemption of conflicting state laws. Under that provision, ERISA supercedes any state law that " relates to" any employee benefit plan. 29 U.S.C. § 1144(a). The Supreme Court has interpreted this provision broadly. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The fact that a state law is preempted under Section 514 does not provide a basis for removing the claim to federal court. *Sonoco*, 338 F.3d at 371. Rather, "the only state law claims properly removable to federal court are those that are 'completely preempted' by ERISA's civil enforcement provision." *Id.* (citing *Darcangelo*, 292 F.3d at 187). In spite of this, both Plaintiff and the Defendants in this case focused their arguments on "ordinary preemption" under § 1144(a) of ERISA. Preemption under § 1144(a) is a "federal defense" to be considered by the state court on remand, but that type of preemption does not confer jurisdiction over Plaintiff's claims upon this Court. *See King*, 337 F.3d at 424.

Within the last month, the Supreme Court reiterated and clarified the basic principle of complete preemption, stating, "any state-law cause of action that duplicates, supplements or supplants *the ERISA civil enforcement remedy* [ERISA § 502(a), 29 U.S.C.A. § 1132(a) ] conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore [completely] preempted." *Aetna Health, Inc. v. Davila*, —— U.S. ——, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (emphasis supplied). The "threshold question" presented by this test is whether the plaintiff bringing the state-law action has standing to sue under ERISA's civil enforcement provision. *Sonoco*, 338 F.3d at 372. In the aftermath of *Davila*, Judge Blake of this Court denied a similar motion to remand where the plaintiff was clearly an ERISA plan beneficiary with standing to bring an ERISA claim in *Miller v. U.S. Foodservice, Inc.*, 323 F.Supp.2d. 665, 667 (D.Md.2004).[2]

2. Judge Blake noted that the facts in that case were distinguishable from those cases where

■ Section 502(a)(1)(B)[3] confers a cause of action upon "participants," "beneficiaries," and "fiduciaries" of ERISA plans. *Sonoco*, 338 F.3d at 372. Other judges of this Court have held that third-party providers, such as Peninsula, may sue under § 502(a) when the provider is specifically assigned the beneficiary's rights under the ERISA plan. *See e.g., National Centers for Facial Paralysis, Inc. v. Wal–Mart Claims Administration Group Health Plan*, 247 F.Supp.2d 755 (D.Md.2003) (Chasanow, J.);[4] *United Healthcare*, 93 F.Supp.2d. 618. The Defendants in this case rely upon the opinion of the United States Court of Appeals for the Fifth Circuit in *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999). That opinion addresses only the precise question of a hospital seeking to recover benefits *assigned* it by an individual health plan participant. *Id.* (cited for that proposition by Judge Chasanow of this Court in *National Centers* opinion, 247 F.Supp.2d at 760–761).[5] Without the specific assignment of rights by a participant or beneficiary, however, this Court finds no authority to support the proposi-tion that a third-party provider has standing to sue on its own behalf under ERISA. *See Suburban Hospital*, 807 F.Supp. at 33 (holding that a third-party provider's claim against insurer for promissory estoppel was not preempted by ERISA because the third-party provider was not bound by the terms of the ERISA plan), *construed in, Miller*, 323 F.Supp.2d. at 668–69; *Pritt v. Blue Cross and Blue Shield of West Virginia, Inc.*, 699 F.Supp. 81, 84 (W.D.W.Va. 1998) (recognizing that a patient's choice of a health care facility does not render the facility a "beneficiary" under 502(a)(1)(B)).

There is nothing before this Court to suggest that Peninsula was ever assigned the rights of the MAMSI subscribers. To the contrary, Plaintiff's action is based entirely upon agreements between Peninsula and the MAMSI Defendants that are fully separate from the subscriber agreements governed by ERISA. Peninsula has no standing to sue under ERISA's civil provisions because it is not a participant, beneficiary, fiduciary, or an assignee thereof. *See* 502(a)(1)(B); *Pritt*, 699 F.Supp. at 84. As a result, Plaintiff's state law claims are not completely preempted by ERISA and this Court lacks federal removal jurisdic-

---

the plaintiff was not bringing an action based on the plaintiff's status as an ERISA assignee, citing the opinion of Judge Smalkin in *Suburban Hospital, Inc. v. Sampson*, 807 F.Supp. 31, 33 (D.Md.1992) (Smalkin, J.), and her earlier opinion in *Drs. Reichmister, Becker, Smulyan and Keehn, P.A. v. United Healthcare of the Mid–Atlantic, Inc.*, 93 F.Supp.2d. 618 (D.Md.2000) (Blake, J.).

3. 29 U.S.C. § 1132(a)(1)(B).

4. Both parties draw heavily upon *National Centers* in support of their respective positions, but that case is inapposite for reasons beyond the fact that the third-party provider there had a specific assignment of rights. 247 F.Supp.2d 755. Most importantly, the issue of removal jurisdiction by complete preemption was never reached in that case. *See id.* The court's jurisdiction was based on the fact that the provider-plaintiff specifically alleged two causes of action under ERISA as an assignee of ERISA beneficiaries and participants. *Id.* at 759. In contrast to the threshold jurisdictional analysis now before this Court, Judge Chasanow's analysis involved the more substantive question of whether the provider's remaining state-law claims for negligent misrepresentation and promissory estoppel conflicted with ERISA's broad "ordinary" preemption clause. *Id.*

5. In *Transitional Hospitals*, the Fifth Circuit found preemption only as to the contractual claims based on the direct assignment of benefits from the individual. 164 F.3d at 954. In light of this Court's ruling, there is no need to address the distinction between Peninsula's contractual claims in Counts I & II and the promissory estoppel and quantum meruit claims in Counts III & IV.

tion over all of the state-law claims that comprise this action. *See Davila,* —— U.S. at ——, 124 S.Ct. at 2496 (recognizing that complete preemption only inures if the plaintiff "at some point in time, could have brought his claim under ERISA"); *Sonoco,* 338 F.3d at 372; *Darcangelo,* 292 F.3d 181.

### Conclusion

As Peninsula is neither a beneficiary nor an assignee of an ERISA plan, and has no standing to sue under the civil provisions of ERISA, its claims are not completely preempted by ERISA. Accordingly, this Court lacks removal jurisdiction and the Motion to Remand must be granted. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."). Plaintiff's Motion to Remand this case to the Circuit Court for Wicomico County is hereby GRANTED. The Court will issue an Order consistent with this Opinion.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is this 22nd day of July 2004, by the Court, ORDERED:

1. That Plaintiff's Motion to Remand (Paper 12), pursuant to 28 U.S.C. § 1447(c), is GRANTED;

2. That Defendants' Motion Dismiss (Paper 4), pursuant to Federal Rule of Civil Procedure 12(b)(6), is rendered MOOT;

3. That the Clerk of this Court shall transmit a certified copy of this Order, accompanying Memorandum Opinion, and the Court Record herewith to the Clerk of the Court for the Circuit Court for Wicomico County forthwith; and,

4. That the Clerk of this Court shall close this case.