**JOHNS HOPKINS HOSPITAL,**

and

**Johns Hopkins Bayview Medical Center, Plaintiffs,**

v.

**CAREFIRST OF MARYLAND, INC., Defendant.**

**No. CIV.A. RDB-03-3333.**

United States District Court, D. Maryland, Northern Division.

July 22, 2004.

Deborah Anne Krohn, Siegel and Krohn PC, Malinda S Siegel, Siegel and Fotheringill LLC, Towson, MD, for Johns Hopkins Hospital, Johns Hopkins Bayview Medical Center, Plaintiffs.

Anthony Francis Shelley, Miller and Chevalier Chtd, Washington, DC, for CareFirst of Maryland, Inc., dba CareFirst, Inc., dba CareFirst, BlueCross of Maryland, Inc., dba BlueCross Blue Shield of Maryland, Inc., dba BlueCross BlueShield of Maryland and Subsidiaries, dba Care Partners, dba Carefirst Blue Choice, dba Preferred Health Network, Defendants.

## MEMORANDUM OPINION

BENNETT, District Judge.

The Plaintiffs, Johns Hopkins Hospital and Johns Hopkins Bayview Medical Center ("Hopkins hospitals"), are licensed hospitals in Baltimore, Maryland. The Hopkins hospitals filed a complaint in the Baltimore City Circuit Court on October 14, 2003 against the Defendant, CareFirst of Maryland, Inc. ("CareFirst"). Plaintiffs allege that CareFirst breached the contract under which the Hopkins hospitals agreed to provide medical services to CareFirst subscribers in return for payment by CareFirst. CareFirst removed this case to this Court on November 20, 2003. In its Notice of Removal, Defendant con-

tends that this Court has federal removal jurisdiction over Plaintiffs' state-law claims because those claims are "completely preempted" by the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. CareFirst has filed a Motion for Summary Judgment based, *inter alia,* on this preemption argument.[1] The Hopkins hospitals filed a Motion to Remand this case to the Circuit Court for Baltimore City. In the Motion to Remand, the Plaintiffs dispute that their claims are preempted by ERISA and argue that this Court should remand for lack of jurisdiction. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6 (D.Md.2002). For the reasons that follow, the Plaintiffs' Motion to Remand this case will be GRANTED.

## I.  *Background*

Plaintiffs are independent, third-party healthcare providers that entered into contracts with Defendant CareFirst, a health insurer, whereby Plaintiffs agreed to render medical treatment and related services to eligible members and subscribers of CareFirst. The gravamen of Plaintiffs' action is that CareFirst breached those agreements by failing to pay for various services rendered by the Hopkins hospitals to various CareFirst subscribers. Plaintiffs' complaint sets forth three counts, all of which arise under Maryland law: breach of contract (Count I); quantum meruit (Count II); and relief from forfeiture of benefits (Count III).

In its Notice of Removal, Defendant asserts that Plaintiffs' claim is completely preempted by ERISA because the complaint involves at least six claims that derive from or depend on the subscriber's coverage under employee-benefit plans covered by ERISA. Plaintiffs counter this assertion, arguing that there is no "com-

plete preemption" under ERISA's civil provisions because Plaintiffs lack standing to sue under that provision, and because the agreements which form the basis for this dispute are completely independent of the ERISA plans of the CareFirst subscribers. Therefore, the Plaintiffs contend that this Court lacks subject matter jurisdiction over the three state-law claims.

## II.  *Standard of Review*

The standards for summary judgment are well-defined and often cited. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court explained that only "facts that might affect the outcome of the suit under the governing law" are *material. Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Moreover, a dispute over a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "[w]hen the moving party has met its responsibility of identifying the basis for its motion, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *White v. Rockingham Radiologists, Ltd.,* 820 F.2d 98, 101 (4th Cir.1987) (quoting

1.  In light of this Court's ruling, that Motion is rendered moot.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(e)). As previously noted, however, this Court need not reach the issues raised in Defendant's Motion for Summary Judgment in light of this Court's finding of no subject matter jurisdiction over Plaintiffs' claims.

■ With respect to the standard for removal jurisdiction, "[t]he burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Sonoco Products Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366, 370 (4th Cir.2003) (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.* 29 F.3d 148, 151 (4th Cir.1994)). In *Mulcahey,* the Fourth Circuit noted that the removal of proceedings from state court to federal court raises "significant federalism concerns," 29 F.3d at 151, and, in *Sonoco Products,* the court recognized that removal jurisdiction should be "narrowly" interpreted in light of these concerns. *Sonoco Products,* 338 F.3d at 370.

### III. *Analysis*

■ The threshold question presented here is identical to that before this Court in *Peninsula Regional Medical Center v. Mid Atlantic Medical Services, LLC, et al.,* Civil Action No. RDB–04–657, also decided on this day by Memorandum Opinion and Order. That precise question is whether Plaintiffs' claims are "completely preempted" by ERISA's civil enforcement provision, § 1132. Each of the three counts alleged in Plaintiff's complaint are based on state law. As a result, the well-pleaded complaint rule provides that federal removal jurisdiction exists only if one or more of the claims is converted into a federal claim by the doctrine of complete preemption. *Miller v. U.S. Foodservice, Inc.,* 323 F.Supp.2d 665, 667 (D.Md.2004) (Blake, J.). As noted in the companion opinion of this Court in *Peninsula Regional Medical Center,* the Fourth Circuit case

has emphasized the critical distinction between ordinary preemption and "complete preemption." *Sonoco Products,* 338 F.3d at 370.

■ In *Sonoco Products,* the court observed that, under "ordinary preemption," state laws that conflict with federal laws are generally preempted. *Id.* The court specifically noted that this type of ordinary preemption can be asserted as a "federal defense" to the plaintiff's suit in the state court in which the suit is brought. *Id.* at 370–371. However, ordinary preemption does not give rise to federal removal jurisdiction. *Sonoco Products,* 338 F.3d at 370–371 (quoting *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 186–187 (4th Cir.2002) quoting in turn *Metro Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Conversely, the jurisdictional doctrine of complete preemption converts the state-law claims into federal claims which do give rise to removal jurisdiction. *King v. Marriott International, Inc.* 337 F.3d 421, 425 (4th Cir.2003). The doctrine of "complete preemption" applies if Congress has intended the federal law to "exclusively govern" the area implicated by the state law. *Id.*

■ Within the last month, the Supreme Court addressed the requirements for complete preemption under ERISA, stating that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy [ERISA § 502(a), 29 U.S.C.A. § 1132(a)] conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore [completely] preempted." *Aetna Health, Inc. v. Davila,* —— U.S. ——, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004). The Court also restated the essential test for determining whether a plaintiff's state-law actions so conflict, "*if an individual, at some point in time, could*

have brought his claim under ERISA § 502(a)(1)(B),[2] and where there is no independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA 502(a)(1)(B)." *Id.* (emphasis supplied). The plaintiff's standing to sue under the statute is therefore an essential requirement in determining whether claims are preempted. *Sonoco Products,* 338 F.3d at 372; *Miller,* 323 F.Supp.2d 665, 667.

■ Section 502(a)(1)(B) provides that a civil action may only be brought by a "participant," "beneficiary" or "fiduciary." By definition, third-party providers have no standing to sue under ERISA. *See Suburban Hospital, Inc. v. Sampson,* 807 F.Supp. 31, 33 (D.Md.1992) (Smalkin, J.) (holding that a third-party provider's claim against insurer for promissory estoppel was not preempted by ERISA because the third-party provider was not bound by the terms of the ERISA plan), *construed in, Miller,* 323 F.Supp.2d. at 668–69; *Pritt v. Blue Cross and Blue Shield of West Virginia, Inc.,* 699 F.Supp. 81, 84 (W.D.WVa.1998)(recognizing that a patient's choice of a health care facility does not render the facility a "beneficiary" under 502(a)(1)(B)). However, as the Defendant correctly notes, third-party providers such as Plaintiffs may sue under § 502(a) when the provider is specifically assigned the beneficiary's rights under the ERISA plan. *See e.g., National Centers for Facial Paralysis, Inc. v. Wal-Mart Claims Administration Group Health Plan,* 247 F.Supp.2d 755 (D.Md.2003) (Chasanow, J.); *Drs. Reichmister, Becker, Smulyan and*

*Keehn, P.A. v. United Healthcare of the Mid-Atlantic, Inc.,* 93 F.Supp.2d. 618 (D.Md.2000) (Blake, J.). In those cases, the courts recognized that the provider stood in the shoes of the participant or beneficiary and therefore assumed that individual's standing under Section 502(a)(1)(B). *See National Centers,* 247 F.Supp.2d 755; *United Healthcare,* 93 F.Supp.2d. 618.

■ Plaintiffs in this case received no such assignment. As such, Plaintiffs never had individual standing to bring suit under 502(a)(1)(B). This Court finds no authority to support Defendant's contention that third-party providers are somehow required to obtain assignments from ERISA beneficiaries or participants before pursuing actions such as this.[3] This action is based entirely upon agreements between Plaintiffs and CareFirst that are fully independent of the subscriber agreements governed by ERISA. Plaintiffs are not participants, beneficiaries, fiduciaries, or assignees thereof and they therefore lack standing to sue under ERISA's civil provisions. *See* 502(a)(1)(B); *Pritt,* 699 F.Supp. at 84. As a result, Plaintiffs' state-law claims are not completely preempted by ERISA and this Court lacks federal removal jurisdiction over all of the state-law claims that comprise this action. *See Davila,* —— U.S. ——, 124 S.Ct. at 2495; *Sonoco Products,* 338 F.3d at 372.

In light of this, the Court will not reach the issue of whether Plaintiffs' claims are preempted under ERISA's broadly-interpreted[4] preemption clause, ERISA § 514, 29 U.S.C. § 1144(a). As previously dis-

2. 29 U.S.C. § 1132(a)(1)(B).

3. In making this assertion, the Defendant relies on *St. Mary's Hosp. v. CareFirst of Md., Inc.,* 192 F.Supp.2d 384 (D.Md.2002) (Nickerson, J.). That case involved the question of preemption under the Federal Employees' Health Benefits Act ("FEHBA"), 5 U.S.C.

§ 8901, *et seq.* In this case, the Court must follow the clearly-defined precedent regarding preemption under ERISA.

4. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (on the broad interpretation given to ERISA's preemption clause).

cussed, preemption under that provision is a "federal defense" to be considered by the state court on remand, but that type of preemption does confer jurisdiction upon this Court over Plaintiffs' claims. *See King,* 337 F.3d at 424.

IV. *Conclusion*

This Court lacks federal removal jurisdiction over Plaintiffs' state-law claims, and the Court is therefore required to remand the case to the court from which it was removed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."). Plaintiffs' Motion to Remand this case to the Circuit Court for Baltimore City, is hereby GRANTED. The Court will issue an Order consistent with this Opinion.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is this 22nd day of July 2004, by the Court, ORDERED:

1. That Plaintiffs' Motion to Remand (Paper 11), pursuant to 28 U.S.C. § 1447(c), is GRANTED;

2. That Defendant's Motion for Summary Judgment (Paper 21), pursuant to Federal Rule of Civil Procedure 56, is rendered MOOT;

3. That the Clerk of this Court shall transmit a certified copy of this Order, accompanying Memorandum Opinion, and the Court Record herewith to the Clerk of the Court for the Circuit Court for Baltimore City forthwith; and,

4. That the Clerk of this Court shall close this case.